UPCHURCH, Judge.
Petitioners, owners of a number of unsold lots in Vetter Isles subdivision of Orange County, seek a writ of certiorari[1] to review an order of the circuit court which upheld the Orange County Commissioners’ decision to vacate the plat of a part of the subdivision. We grant the writ and quash the order.
The county acted pursuant to section 163.280(2), Florida Statutes (1983) which provides:
The governing body may, on its own motion, order the vacation and reversion to acreage of all or any part of a subdivision within its jurisdiction, including the vacation of streets or other parcels of land dedicated for public purposes or any of such streets or other parcels, when:
(a) The plat of the subdivision was recorded as provided by law not less than 5 years before the date of such action; and
(b) In the subdivision or part thereof, not more than 10 percent of the total subdivision area has been sold as lots by the original subdivider or his successor in title.
Such action shall be based on a finding by the governing body or by its accredited representative for the approval of subdivision plats that the proposed vacation and reversion to acreage of subdivided land conforms to the comprehensive plan of the area and that the public health, safety, economy, comfort, order, convenience, and welfare will be promoted thereby. Before acting on a proposal for vacation and reversion of subdivided land to acreage, the governing body or its accredited representative shall hold a public hearing thereon with due public notice.
Vetter Isles subdivision was originally platted in 1961. On October 3, 1984, the county sent a notice of hearing to petitioners concerning the county’s proposal to vacate that portion of the plat containing lots eight through thirty-seven. The county was concerned that various improvements planned for the subdivision had not been finished, the road system was incomplete, and the canals and retaining walls had deteriorated and needed repair. At the time the notice was sent, only three lots had been sold as “lots.” Another parcel, Tract “A” had been sold to a utility rather than as lots. After receipt of the notice, petitioners conveyed to other persons five additional lots in the area the county proposed to vacate.
The parties agree that when the notice was delivered less than ten percent of the total subdivided lots had been sold, but after that date and prior to the hearing on October 29, 1986, petitioners had conveyed more than ten percent of the lots.
The question which we consider is whether the sale of the lots after receipt of the notice can prevent the commission from vacating the plat. We conclude that it does. The language of the statute may be unfortunate and not what the county want *906 ed,[2] but it is specific. Under section 163.-280(2), the governing body may order the vacation if (a) the subdivision is not less than five years old at the time of such action, and b) not more than ten percent of the total subdivision area has been sold, plus certain other conditions.
The circuit judge interpreted the ten percent requirement as being as of the time the action was proposed. While this may be desirable and expedient, the statute specifically uses the word “order.” The governing body may order it if no more than ten percent of the area has been sold. To arrive at its decision, the court had to interpret the word “order” as “proposed.” This was error as illustrated by the rules of statutory construction discussed in Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla.1973). Of particular relevance is the following rule:
Since zoning regulations are in derogation of private rights of ownership, words used in a zoning ordinance should be given their broadest meaning when there is no definition or clear intent to the contrary and the ordinance should be interpreted in favor of the property owner, (emphasis added)
286 So.2d at 553.
The authority of the governing body to vacate an established subdivision plat is certainly in derogation of private rights of the owner. An interpretation of the statute that the ten percent maximum area sold applied at the time of the action was proposed as indicated by the date of the notice rewrites the statute in favor of the county, not the owner.
Additionally, the court’s substitution of the word “proposed” for the word “order” in section 163.280(2) was error because it results in an improper judicial amendment. The substitution does not give the county board authority to act with finality, but only to propose the vacation and reversion to acreage of a subdivision. The substitution adopted by the circuit court does not give the statute the full force and effect intended by the legislature, instead the substitution actually limits the power of the governing body.
We grant the writ and quash the order of the circuit court.
COWART, J., concurs.
SHARP, J., dissents with opinion.

. Fla.R.App.P. 9.030(b)(2)(B).

. Approximately two years previously the county, troubled by “old" subdivision plats which had been approved prior to recent and stringent subdivision requirements had been adopted, requested its legislative delegation to obtain passage of legislation which would permit the vacation of subdivision plats. Section 163.280(2), Florida Statutes (1983) was the result. This section was recently repealed. 1985 Fla.Laws 85-55, § 19.